UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NOVARTIS VACCINES AND DIAGNOSTICS, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GENENTECH, INC.,<br><br>Defendant. | Case No.  5:21-cv-04874-EJD<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 3, 16, 21, 28, 37, 41, 42 |

Before the Court are the parties' requests to seal portions of Plaintiffs Novartis Vaccines and Diagnostics, Inc. and Novartis Pharma AG's (collectively, "Novartis") original and First Amended Complaint ("FAC"), as well as Defendant Genentech, Inc.'s ("Genentech") motions to dismiss both complaints and its supporting papers. Dkt. Nos. 3, 16, 21, 28, 37, 41, 42. For the reasons stated below, the Court DENIES without prejudice the sealing motions.

**I.     LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (internal quotation marks omitted); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (in considering whether documents should be sealed, courts "start with a strong presumption in favor of access to court records."). Parties seeking to seal judicial records relating

Case No.: 5:21-cv-04874-EJD
ORDER DENYING W/O PREJ. ADMIN. MOTS. TO SEAL
1

to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

In determining whether there are compelling reasons to seal, "courts should consider all relevant factors, including: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Foltz*, 331 F.3d at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  Courts must "'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135).  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Hagestad*, 49 F.3d at 1434 (citing *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1295 (9th Cir. 1986)).  Compelling reasons may exist to seal "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing . . . [but] courts should exercise caution not [to] allow these exceptions [to] swallow the strong presumption in favor of disclosure." *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019).

## II.  DISCUSSION

The parties ask to seal material that is more than tangentially related to the underlying cause of action—they seek to seal swaths of the complaint and other documents describing the very claims at issue.  Accordingly, the parties must provide compelling reasons, based on specific facts, to maintain this information under seal.  *Kamakana*, 447 F.3d at 1178–79.  The parties have not done so.

Case No.:   5:21-cv-04874-EJD
ORDER DENYING W/O PREJ. ADMIN. MOTS. TO SEAL

1   There are multiple problems with the parties' sealing requests. First, the parties generally
2   do not provide support for sealing most of what they ask the Court to seal. The sealing requests
3   are accompanied by declarations that either merely recite boilerplate statements, or are speculative
4   in nature and lacking in specific facts.[1] *See, e.g.*, Dkt. No. 3-1 ¶ 5; Dkt. No. 37-4 ¶¶ 10-11. For
5   example, the parties do not explain why the Licensing Agreement's choice of law provision would
6   cause competitive injury to the parties. Dkt. No. 3-6 ¶ 9.

7   The parties' sealing requests are overbroad and not narrowly tailored. The parties'
8   Licensing Agreement itself and excerpts quoting from or referring to specific terms of the
9   Licensing Agreement may reflect confidential business information and dealings between the
10  parties that are not intended for public disclosure, and therefore warrant sealing. *See Finistar*
11  *Corp.*, 2015 WL 3988132, at *4. However, the parties provide no support for why a general
12  description of the nature of the Licensing Agreement—particularly a general description that
13  reveals provisions and terms common to virtually all patent licensing agreements—should be
14  sealed. *See, e.g.*, Dkt. No. 3-6 ¶¶ 1, 31.

15  The parties' requests are also inconsistent in the information they seek to seal. For
16  example, they seek to seal information in one part of the complaint but do not seek to seal
17  identical information that appears elsewhere in the complaint. *Compare, e.g.*, *id.* at 2:18-19 *with*
18  *id.* at 6:26. The requests are similarly inconsistent between documents discussing the same
19  information. *Compare, e.g.*, *id.* at 2:13-16 *with* Dkt. No. 3-4 at 4:16-17.

20  Furthermore, the parties inexplicably seek to seal information that is already in the public
21  domain. *See, e.g.*, Dkt. No. 3-4 ¶¶ 12-14 (seeking to seal string cite of cases and summary of
22  Supreme Court ruling in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)). Likewise,

---

[1] Although Civil Local Rule 79-5 was revised effective November 1, 2021—after the parties submitted their sealing motions—both the current version and previous version of the rules required the designating party whose material was sought to be sealed to file declarations in support of the sealing request. Neither Novartis nor Genentech filed such supporting declarations in response to each other's sealing motions. Under the current operative version of Civil Local Rule 79-5, failure to file such a declaration may result in unsealing without further notice. Civ. L.R. 79-5(f)(3).

28  Case No.: 5:21-cv-04874-EJD
    ORDER DENYING W/O PREJ. ADMIN. MOTS. TO SEAL
    3

United States District Court
Northern District of California

whether a certain product infringes a patent is not necessarily sealable information. *See, e.g.*, *id.* ¶¶ 14, 15, 17. If that were so, every complaint in every patent case would be sealable.

The above are just a few examples of the overbreadth of the parties' sealing requests. If the parties wish to limit public access to certain statements, they must specifically address each portion they wish to seal and provide competent declarations reciting why those portions are sealable under the "compelling reasons" standard and Civil Local Rule 79-5. "Just because a provision is in an agreement that the parties designated as confidential does not make that provision sealable when the parties litigate that agreement in federal court." *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 20-CV-04997-JSC, 2020 WL 7872197, at *2 (N.D. Cal. Aug. 7, 2020).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the parties' administrative motions to seal without prejudice. The parties may renew their sealing requests by filing submissions that comply with the applicable legal standard and Civil Local Rule 79-5. If the parties do not elect to renew their requests by **February 28, 2022**, the Court shall order all documents unsealed, with the exception of the Licensing Agreement.

**IT IS SO ORDERED.**

Dated: February 14, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-04874-EJD
ORDER DENYING W/O PREJ. ADMIN. MOTS. TO SEAL
4